1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    AJAMU CRITTLE, 15069-111,              )
                                            )
9              Plaintiff(s),                )    No. C 14-3979 CRB (PR)
                                            )
10       v.                                 )    ORDER OF SERVICE
                                            )
11   UNITED STATES, et al.,                 )
                                            )
12             Defendant(s).                )
   _____)
13

14         Plaintiff, a federal prisoner at the United States Penitentiary in Lompoc,

15   California (USP – Lompoc), has filed a pro se "hybrid" complaint for damages

16   under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA),

17   and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971),

18   alleging that, while he was a pretrial detainee at the Federal Detention Center in

19   Dublin, California (FDC – Dublin), prison medical staff delayed providing him

20   with adequate medical care for a hand and wrist injury he sustained after falling

21   off his bunk bed.

22                             **DISCUSSION**

23   A.    Standard of Review

24         Federal courts must engage in a preliminary screening of cases in which

25   prisoners seek redress from a governmental entity or officer or employee of a

26   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

27   claims or dismiss the complaint, or any portion of the complaint, if the complaint

28   "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.    Legal Claims

Plaintiff alleges that medical staff at FDC – Dublin, which is part of the larger Federal Correctional Institution in Dublin, California (FCI – Dublin), delayed for months providing him with adequate medical care for a hand and wrist injury despite his repeated pleas for help from both medical staff and from other prison officials.  Plaintiff further alleges that the delay in getting adequate medical care caused irreparable damage to his hand and wrist, and subjected him to constant and excruciating pain.

1.    FTCA

The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment.  28 U.S.C. § 1346(b).  The United States is only liable "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id.  Put simply, the United States waives sovereign immunity only under circumstances where local law would make a private person liable in tort.  United States v. Olson, 546 U.S. 43 (2005).

Liberally construed, plaintiff's allegations of medical malpractice and negligence by employees of the Federal Bureau of Prison at FCI – Dublin state a cognizable FTCA claim for damages against the United States and will be ordered served.

1

        2.    Bivens

2            To state a claim under Bivens, and its progeny, plaintiff must

3    allege: (1) that a right secured by the Constitution of the United States was

4    violated, and (2) that the alleged violation was committed by a federal actor.  See

5    Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and

6    Bivens actions are identical save for replacement of state actor under § 1983 by

7    federal actor under Bivens).

8            Deliberate indifference to serious medical needs violates the Eighth

9    Amendment's proscription against cruel and unusual punishment.  Estelle v.

10   Gamble, 429 U.S. 97, 104 (1976).[1]  A "serious medical need" exists if the failure

11   to treat a prisoner's condition could result in further significant injury or the

12   "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

13   1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on

14   other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th

15   Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows

16   that a prisoner faces a substantial risk of serious harm and disregards that risk by

17   failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837

18   (1994).[2]

19           Liberally construed, plaintiff's allegations state a cognizable § 1983 claim

20   for damages for deliberate indifference to serious medical needs against the

21

22           [1]Although a pretrial detainee's claims arise under the Due Process Clause, the
23   Eighth Amendment serves as a benchmark for evaluating those claims.  See Carnell v.
     Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide
24   minimum standard of care for pretrial detainees).

25           [2]Neither negligence nor gross negligence can establish liability under the Eighth
26   Amendment.  Farmer, 511 U.S. at 835-36 & n.4.  An "official's failure to alleviate a
     significant risk that he should have perceived but did not . . . cannot under our cases be
27   condemned as the infliction of punishment."  Id. at 838.

28                                              3

named FCI – Dublin defendants – Belen Ezaz, Randy Tews, Ms. Basile, A. W. Syed, V. Bautista and Raul Cespedes – and will be ordered served on them.  See McGuckin, 974 F.2d at 1062 (deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care).[3]

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named individual defendants at FCI – Dublin and on the United States.  The clerk also shall serve a copy of the summons and complaint on defendants' counsel, the United States Attorney for the Northern District of California, and on the Attorney General of the United States in Washington, D.C.  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports

---

[3]Plaintiff cannot proceed against a Doe defendant unless he first identifies the Doe defendant and amends his complaint to add him/her as a named defendant. Plaintiff will be afforded 60 days from the date of this order to do so.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants).

stemming from the events at issue.  A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.    Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material

fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with motions for summary judgment.  Woods, 684 F.3d at 935.)

d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.    The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Feb. 18, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Crittle, A.14-3979.serve.wpd

6