IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAMU CRITTLE, 15069-111,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES, et al.,<br><br>  Defendant(s). | No. C 14-3979 CRB (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**<br><br>(Dkt. #18, 26 & 29) |

     Plaintiff, a federal prisoner at the United States Penitentiary in Lompoc, California (USP – Lompoc), filed a pro se "hybrid" complaint for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging that, while he was a pretrial detainee at the Federal Detention Center in Dublin, California (FDC – Dublin), which is part of the larger Federal Correctional Institution in Dublin, California (FCI – Dublin), prison medical staff delayed providing him with adequate medical care for a hand and wrist injury he sustained after falling off his bunk bed. Specifically, plaintiff alleges that medical staff delayed for months providing him with adequate medical care despite his repeated pleas for help from both medical staff and from other prison officials, and that the delay in getting adequate medical care caused irreparable damage to his hand and wrist, and subjected him to constant and excruciating pain.

1    Per an order filed on February 18, 2015, the Court found that, liberally construed,
2 plaintiff's allegations state cognizable FTCA claims for damages for medical malpractice and
3 negligence against the United States and cognizable <u>Bivens</u> claims for damages for deliberate
4 indifference to serious medical needs against the individual named FCI – Dublin defendants
5 – Dr. Belen Ezaz, Randy Tews, Ms. Basile, A.W. Syed, V. Bautista and Raul Cespedes – and
6 ordered the United States Marshal to serve the complaint.[1]

7    Defendants United States, Federal Bureau of Prisons (BOP), Randy Tews, Shakaib
8 Syed (erroneously named A.W. Syed in the complaint) and Raul Cespedes move for
9 dismissal under Federal Rule of Civil Procedure 12(b)(6) and/or summary judgment under
10 Federal Rule of Civil Procedure 56.  Defendants argue that they are entitled to summary
11 judgment on plaintiff's FTCA claims against the United States because the claims are time-
12 barred, and to dismissal/summary judgment on plaintiff's <u>Bivens</u> claims against the
13 individual FCI – Dublin defendants because plaintiff cannot establish that any of the
14 individual defendants was deliberately indifferent to his serious medical needs.  Plaintiff filed
15 an opposition and defendants filed a reply.[2]

**DISCUSSION**

A.  Standard of Review

   1.  Motion to Dismiss

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556

---

[1] Plaintiff recently filed a motion for leave to amend to add a breach of contract claim allegedly related to his allegations of inadequate medical care.  For the reasons stated in defendants' response papers, the motion (dkt. #26) is DENIED.

[2] Plaintiff's motion for leave to file a sur-reply (dkt. #29) is DENIED.  <u>See</u> Civil L. R. 7-3(d). The court has reviewed the proposed sur-reply and it makes no difference in the disposition of defendants' motion to dismiss/summary judgment, in any event.

1 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A
2 claim is plausible "when the plaintiff pleads factual content that allows the court to draw the
3 reasonable inference that the defendant is liable for the misconduct alleged." Id.

4 When considering a motion to dismiss under Rule 12(b)(6), the court must accept as
5 true all material allegations in the complaint, but it need not accept as true "legal conclusions
6 cast in the form of factual allegations if those conclusions cannot be reasonably drawn from
7 the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).
8 The court "must consider the complaint in its entirety, as well as other sources courts
9 ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,
10 documents incorporated into the complaint by reference, and matters of which a court may
11 take judicial notice." Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

2. Motion for Summary Judgment

13 Summary judgment is proper where the pleadings, discovery and affidavits show that
14 there is "no genuine dispute as to any material fact and the [moving party] is entitled to
15 judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may
16 affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477
17 U.S. 242, 248 (1986). A dispute as to a material fact is genuine only if there is sufficient
18 evidence for a reasonable jury to return a verdict for the nonmoving party. Id. at 248-49.

19 The moving party for summary judgment bears the initial burden of identifying those
20 portions of the pleadings, discovery and affidavits which demonstrate the absence of a
21 genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where
22 the moving party will have the burden of proof on an issue at trial, it must affirmatively
23 demonstrate that no reasonable trier of fact could find other than for the moving party. But
24 on an issue for which the opposing party will have the burden of proof at trial, as is the case
25 here, the moving party need only point out "that there is an absence of evidence to support
26 the nonmoving party's case." Id.

27 Once the moving party meets its initial burden, the nonmoving party must go beyond
28 the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to

3

1  specific parts of materials in the record" or "showing that the materials cited do not establish
2  the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c).  If the nonmoving party
3  fails to make this showing, "the moving party is entitled to judgment as a matter of law."
4  Celotex, 477 U.S. at 323.

5  B.     Analysis

6  Defendants argue that they are entitled to judgment in their favor on plaintiff's FTCA
7  and Bivens claims asserted in this action because (1) the late filing of this action renders
8  plaintiff's FTCA claims time-barred, and (2) plaintiff cannot establish that any of the
9  individual defendants were deliberately indifferent to his serious medical needs in violation
10 of his constitutional rights under Bivens.

11     1.     FTCA

12 FTCA provides district courts with exclusive jurisdiction of civil actions against the
13 United States for money damages "for injury or loss of property, or personal injury or death
14 caused by the negligent or wrongful act or omission of any employee" of the federal
15 government while acting within the scope of his office or employment.  28 U.S.C. § 1346(b).
16 The United States is only liable "if a private person[] would be liable to the claimant in
17 accordance with the law of the place where the act or omission occurred."  Id.  In other
18 words, the United States waives sovereign immunity only under circumstances where local
19 law would make a private person liable in tort.  United States v. Olson, 546 U.S. 43, 45–46
20 (2005).

21 FTCA requires that a plaintiff exhaust administrative remedies by presenting a claim
22 to the appropriate federal agency and receiving a denial (or a "deemed" denial based on the
23 agency's lack of response for six months) before filing suit in federal district court.  28
24 U.S.C. § 2675(a); Alvarado v. Table Mt. Rancheria, 509 F.3d 1008, 1018–19 (9th Cir. 2007).
25 It also requires that a plaintiff comply with its limitation period – a claim "shall be forever
26 barred unless it is presented in writing to the appropriate Federal agency within two years
27 after such claim accrues or unless action is begun within six months after the date of mailing,
28

4

by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Plaintiff's FTCA claims against the United States are time-barred because the undisputed facts make clear that plaintiff did not begin this action within six months after the BOP denied the claims. The record shows that on January 29, 2013, plaintiff submitted an administrative claim to BOP alleging failure to provide adequate medical care for a wrist injury that occurred on September 8, 2011. Vickers Decl. (dkt. #18-4) at 1 & Ex. 1-A. BOP received the claim, Administrative Claim No. TRT-WXR-2013-02620, on February 6, 2013 and denied it on May 2, 2013. Id. at 1 & Ex. 1-C. Plaintiff did not file an action within six months after BOP denied his administrative claim on May 2, 2013.

On April 22, 2013, while his first administrative claim was still pending with BOP, plaintiff submitted another administrative claim to BOP alleging "retaliation and continued denial of medical treatment." Id. at 2 & Ex. 2-A. BOP received the claim, Administrative Claim No. TRT-WXR-2013-05385, on April 29, 2013 and, on June 5, 2013, informed plaintiff that the claim "has only been accepted regarding the allegations of retaliation." Id. Ex. 2-B. BOP denied the claim on July 25, 2013. Id. Ex. 2-C. But again plaintiff did not file an action within six months after BOP denied his second administrative claim on July 25, 2013. Plaintiff did not file the instant action until September 2, 2014, more than a year after BOP denied his second administrative claim on July 25, 2013. Plaintiff's FTCA claims against the United States are time-barred. See 28 U.S.C. § 2401(b).

Defendants correctly note that both of FTCA's limitation provisions – the two-year period for filing a claim with the appropriate agency and the six-month period for filing suit after agency denial – may be equitably tolled. See United States v. Wong, 135 S. Ct. 1625, 1631, 1638 (2015) (litigant seeking equitable tolling of FTCA's limitation provisions must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way). But they also correctly argue that plaintiff's filing of a premature action does not entitle him to equitable tolling. The record shows that on February

5

13, 2013, plaintiff filed an action containing both Bivens and FTCA claims. See Crittle v. Ezaz, No. C 13-0625 CRB (N.D. Cal. filed Feb. 13, 2013). But because the FTCA claims were still pending with BOP (and therefore were not yet exhausted) he filed a motion on March 28, 2013 to voluntarily dismiss them and proceed only with his Bivens claims. The Court granted the motion and plaintiff filed a first amended complaint containing only Bivens claims. The Court ordered the first amended complaint served on defendants and discovery and dispositive motions deadlines were set. But on March 21, 2014, more than ten months after the BOP denied his first FTCA administrative claim on May 2, 2013 and nearly eight months after the BOP denied his second FTCA administrative claim on July 25, 2013, plaintiff sought leave to amend to file a second amended complaint to add his FTCA claims. On May 16, 2014, the Court denied the request to amend and advised plaintiff that he was "free to file a new action for damages against the United States under the Federal Tort Claims Act (FTCA) and argue that he is entitled to equitable tolling of the applicable statute of limitation." Crittle v. Ezaz, No. C 13-0625 CRB, slip op. at 1 (N.D. Cal. May 16, 2014) (order) (citation omitted). But on June 26, 2014 plaintiff instead moved for voluntary dismissal without prejudice of his pending action (i.e., case number 13-0625 CRB). The Court granted the motion on July 9, 2014, after defendants noted no objection to the proposed dismissal without prejudice. Plaintiff then filed the instant "hybrid" FTCA/Bivens action on September 2, 2014.

Plaintiff suggests that he is entitled to equitable tolling because the Court erred in denying his March 21, 2014 request for leave to amend his then-pending Bivens action to add his FTCA claims. Not so. Even if the Court had granted plaintiff's March 21, 2014 motion to amend his then-pending Bivens action, the FTCA claims ultimately would have been dismissed as time-barred. As noted above, the earliest plaintiff submitted his FTCA claims for filing in a federal court action after BOP denied his first administrative claim on May 2, 2013 and denied his second administrative claim on July 25, 2013 was March 21, 2014 – more than four months too late after the May 2, 2013 denial, and nearly two months too late after the July 25, 2013 denial. Plaintiff is not entitled to equitable tolling because he

has not shown that some extraordinary circumstance stood in his way and made it impossible for him to file his FTCA claims in a federal action on a timely basis. See Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc), aff'd and remanded on other grounds by, 135 S. Ct. 1625 (2015) (equitable tolling requires that litigant show that extraordinary circumstances were the cause of his untimeliness and made it impossible to file document on time). That plaintiff was and is proceeding without the assistance of counsel does not compel a different conclusion. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se prisoner's lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); see also Wong, 732 F.3d at 1052 (garden variety claim of excusable neglect, such as simple miscalculation that leads litigant to miss filing deadline, does not warrant equitable tolling).

Defendants are entitled to summary judgment on plaintiff's FTCA claims for damages because the undisputed facts make clear that the claims are time-barred and plaintiff is not entitled to equitable tolling. Plaintiff's FTCA claims will be dismissed with prejudice.

2. Bivens

To prevail on a claim under Bivens, a plaintiff must establish: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for replacement of a state actor in § 1983 action by a federal actor in Bivens action).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).[3] A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."

---

[3] Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

7

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).[4]

Plaintiff seeks damages under Bivens for deliberate indifference to his serious medical needs against six named defendants – Dr. Belen Ezaz (former clinical director), Raul Cespedes (mid-level practitioner), Randy Tews (former warden), Luisa Basile (former health services employee), Shakaib Syed (associate warden) and V. Bautista (former health services employee).[5]  His claims can be divided into two categories: (1) denial of adequate medical care by medical practitioners Dr. Ezaz and Cespedes, and (2) denial of free and stronger pain medication by medical non-practitioners Basile and Bautista, and corrections management staff Tews and Syed.  Dr. Ezaz, Bautista and Basile have not been served.

Defendants move for summary judgment on plaintiff's claim of denial of adequate medical care against Cespedes and move for dismissal of plaintiff's claim of denial of free and stronger medication against Tews and Syed (alternatively, they move for summary judgment on the claim against Tews and Syed).  They also move for dismissal of the three unserved defendants – Dr. Ezaz, Bautista and Basile – because they could not be located.

        a.     Denial of Adequate Medical Care

Plaintiff claims that medical practitioners Cespedes and Dr. Ezaz "disregarded the Plaintiff's substantial risk of serious harm and failed to take adequate measures to abate

---

[4] Neither negligence nor gross negligence can establish liability under the Eighth Amendment.  Farmer, 511 U.S. at 835–36 & n.4.  An "official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment."  Id. at 838.

[5] Plaintiff also named as defendants BOP and ten unknown defendants.  But BOP is DISMISSED because plaintiff voluntarily dismissed BOP as a defendant in response to defendant's motion to dismiss/summary judgment.  See Pl.'s Opp'n (dkt. #25) at 1.  And the ten unknown defendants are DISMISSED because plaintiff has not identified any of them as instructed to do in the court's February 18, 2015 Order.  See Feb. 18, 2015 Order at 4 n.3 (affording plaintiff 60 days to identify unknown defendants and amend to add him/her as a named defendant).

these obvious risks by: a) failing to ensure the Plaintiff received adequate pain medication; b) failing to ensure the Plaintiff was scheduled and received medical treatment in a timely manner; and/or c) failing to follow the instructions of the Plaintiff's physicians." Compl. at 9. In support, he recounts under penalty of perjury in his verified complaint the many interactions he had with Cespedes and Dr. Ezaz regarding his hand and wrist injury.

Plaintiff first reported his injury to Cespedes, who provided him with a splint ice pack, scheduled an x-ray and ordered the strongest pain medication he was authorized to administer – Ibuprofin. Id. at 2–3. Plaintiff repeatedly went back to Cespedes, complaining of excruciating pain and a worsening in the condition of his injury. Id. at 3–6. Cespedes continued to treat plaintiff with Ibuprofen, but eventually recommended that he see Dr. Ezaz. Id. at 4.

Dr. Ezaz received plaintiff's x-ray results and examined plaintiff. Id. at 4–5. Dr. Ezaz told plaintiff that she would order stronger pain medication, but never did. Id. at 5–6. Dr. Ezaz conducted follow-up examinations of plaintiff's injury, including requesting a consultation for him to receive surgery. Id. at 6–7. Dr. Ezaz also submitted a consultation request for plaintiff to have a CAT scan pursuant to another specialist's suggestion. Id. at 8. But throughout, Dr. Ezaz allegedly did not provide plaintiff with adequate pain medication or sought to expedite needed treatment by specialists. Id.

Defendants seek dismissal of Dr. Ezaz from this action because the United States Marshal was unable to effect service on Dr. Ezaz on account of FCI - Dublin officials not having a forwarding address for her. But plaintiff should not be penalized by having a key defendant dismissed unless it's clear that plaintiff did not make a reasonable effort to remedy the service problem and that the Marshal made a good faith effort to locate and serve defendant as required of him under 28 U.S.C. § 1915 and Fed. R. Civ. P. 4. See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). Here, plaintiff provided all the information he had for Dr. Ezaz and reasonably relied on the Marshal to locate Dr. Ezaz by securing a forwarding or last known address for her from FCI – Dublin officials or from a locator

service, and to serve her.  Defendants' motion to dismiss Dr. Ezaz is DENIED as premature.  Good cause appearing therefor, defendants are directed to provide the Marshal with their last known address for Dr. Ezaz within seven (7) days of this order and the Marshal is directed to attempt to serve Dr. Ezaz at that address.  If that fails, the Marshal is directed to locate Dr. Ezaz via a locator service and attempt to serve her at that address.  Only if both of these efforts fail can dismissal of Dr. Ezaz under Rule 4(m) be said to be in order.  See id.  The Marshal shall file a brief status report on their efforts to locate and serve Dr. Ezaz every thirty (30) days until further notice from the court.

Under the circumstances, a ruling on defendants' motion for summary judgment in favor of Cespedes appears premature.  Plaintiff's claims of denial of adequate medical care against Cespedes and Dr. Ezaz are sufficiently intertwined that it is not entirely clear at this point in the proceedings where the duty of care of Cespedes ends and the duty of care of Dr. Ezaz begins, or if the duties overlap.  Justice and judicial economy would best be served with a joint motion for summary judgment from both defendants.  Good cause appearing therefor, defendants' motion for summary judgment in favor of Cespedes is DENIED as premature.  The denial is without prejudice.  Defendants shall file a motion for summary judgment in favor of Cespedes and Dr. Ezaz within sixty (60) days of the date on which Dr. Ezaz is served.  But if Dr. Ezaz cannot be located and is dismissed from this action under Rule 4(m), defendants shall refile a motion for summary judgment in favor of Cespedes within thirty (30) days of the order dismissing Dr. Ezaz.

      b.  Denial of Free and Stronger Pain Medication

Plaintiff claims that medical non-practitioners Basile and Bautista, and corrections management staff Tews and Syed, were deliberately indifferent to his serious medical needs because they forced him to buy Ibuprofin from the commissary (rather than provide it to him for free) because he was not "indigent."  Compl. at 5.  Plaintiff further claims that these defendants were deliberately indifferent to his serious medical needs because they did not provide him with unprescribed stronger pain medication.  Id. at 5, 7.

10

Plaintiff's claims against the non-medical practitioner defendants fail as a matter of law. It is well established that requiring payment for prison medical services does not implicate the Eighth Amendment unless a prisoner is denied medical care because he was unable to pay the required fee, see Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985), and there is no allegation or indication here that plaintiff was deprived of Ibuprofen because he was unable to pay for it. His allegations instead make clear that he took the prescribed Ibuprofen, but that it was not strong enough. Similarly, the non-medical practitioner defendants cannot be liable for damages under the Constitution for not providing plaintiff with stronger pain medication they are not authorized to prescribe. Plaintiff's claim of denial of adequate pain medication is not properly directed at Tews, Basile, Syed or Bautista.[6] Instead, this claim is properly directed at the medical practitioner defendants (Dr. Ezaz and Cespedes), whom plaintiff saw and from whom plaintiff routinely requested stronger pain medication. Plaintiff's Bivens claims for damages for deliberate indifference to his serious medical needs against Tews, Basile, Syed and Bautista will be DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, defendants' motion for dismissal/summary judgment (dkt. #18) is GRANTED IN PART AND DENIED IN PART. Plaintiff's FTCA claims for damages against the United States and Bivens claims for damages against Tews, Basile, Syed and Bautista are DISMISSED with prejudice. (BOP and all unnamed defendants also are dismissed.) This action will proceed as to plaintiff's Bivens claims for damages for deliberate indifference to serious medical needs against Cespedes and Dr. Ezaz only.

Defendants are directed to provide the Marshal with their last known address for Dr. Ezaz within seven (7) days of this order and the Marshal is directed to attempt to serve Dr.

---

[6]Plaintiff also fails to establish that the non-medical practitioner defendants actually and proximately cause the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). After all, the record shows that these defendants knew that plaintiff was under the medical care and supervision of Dr. Ezaz.

11

Ezaz at that address. If that fails, the Marshal is directed to locate Dr. Ezaz via a locator service and attempt to serve her at that address. Only if both of these efforts fail can dismissal of Dr. Ezaz under Rule 4(m) be in order. The Marshal shall file a brief status report on their efforts to locate and serve Dr. Ezaz every thirty (30) days until further notice from the court.

Defendants shall file a motion for summary judgment in favor of Cespedes <u>and</u> Dr. Ezaz within sixty (60) days of the date on which Dr. Ezaz is served. But if Dr. Ezaz cannot be located and is dismissed from this action under Rule 4(m), defendants shall refile a motion for summary judgment in favor of Cespedes within thirty (30) days of the order dismissing Dr. Ezaz.

The clerk is directed to serve a copy of this order on the parties and on the Marshal.

**IT IS SO ORDERED**.

DATED:  Nov. 13, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Crittle, A.14-3979.mtd-msj.final.wpd